**In the United States District Court
for the Southern District of Georgia
Statesboro Division**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2006 JAN 19 P 2: 46

CLERK
             OF GA.

| | | |
|---|---|---|
| AUDREA LAMBERT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| BRIGGS & STRATTON CORPORATION, | : | |
| Defendant. | : | NO. CV604-016 |

O R D E R

Plaintiff, Audrea Lambert, filed this action against Defendant, Briggs & Stratton Corporation, asserting negligence and strict liability claims arising out of a workplace injury. Defendant filed a motion for summary judgment, which was denied by the Court because it found that genuine issues of material fact existed regarding the extent of Briggs & Stratton's control over Lambert's work. Dkt. No. 24. Upon reconsideration, the Court will **GRANT** Defendant's motion.

AO 72A
(Rev. 8/82)

**DISCUSSION**

The Court has the discretion to reconsider interlocutory orders and amend them at any time prior to final judgment. Fed. R. Civ. P. 54(b). If the Court is convinced that its prior ruling was based on a clear error of law, it may reconsider the order. See <u>McCoy v. Macon Water Auth.</u>, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (balancing need for finality and need to render just decisions).

Georgia workers' compensation law provides liability against an employer for an employee's injuries suffered on the job, regardless of fault. In exchange for this automatic basis of compensation, the statutory scheme limits the employee's right to recover in tort for the workplace injuries.

The Georgia Code provides:

> The rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury . . .; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor[.]
>
> . . .
>
> The immunity provided by this subsection shall apply and extend to the businesses using the services of a temporary help contracting firm, as such term is defined in Code Section 34-8-46 . . . when the benefits required by this chapter are provided by either the temporary help contracting firm or the

> employee leasing company or the business using the services of either such firm or company. A temporary help contracting firm or an employee leasing company shall be deemed to be a statutory employer for the purposes of this chapter.

Ga. Code Ann. § 34-9-11 (a)&(c) (2004).

In turn, Georgia Code section 34-8-46 provides that:

> [T]he term 'temporary help contracting firm' means any person who is in the business of employing individuals and, for compensation from a third party, providing those individuals to perform work for the third party under the general or direct supervision of the third party. Employment with a temporary help contracting firm is characterized by a series of limited-term assignments of an employee to a third party, based on a contract between the temporary help contracting firm and the third party. A separate employment contract exists between the temporary help contracting firm and each individual it hires as an employee. Completion of an assignment for a third party by an employee employed by a temporary help contracting firm does not, in itself, terminate the employment contract between the temporary help contracting firm and the employee.

Id.

As the parties agree, Lambert was an employee of Talent Tree Staffing when she was injured at Defendant's Statesboro manufacturing facility in 2002. In the Court's order dated January 18, 2005, it stated that "[g]enuine issues exist as to which entity, Talent Tree or Briggs & Stratton, exercised general or direct supervision at the time she sustained her injuries." Dkt. No. 24 at 7. The Court then recounted facts

of record demonstrating that both entities exercised some control over Lambert's work duties. Id. at 7-8.

The Court's determination, that tort immunity under Georgia's workers' compensation scheme attached only if Defendant exercised the greater amount of control over Lambert's job duties, was clearly erroneous.

As the plain language of the statute provides, the rights provided by the workers' compensation scheme are exclusive where a business, like Briggs & Stratton, uses the services of a temporary agency, like Talent Tree, so long as one of the entities pays the workers' compensation claim. Ga. Code Ann. § 34-9-11 (c) (2004). Here, Lambert concedes that Talent Tree has already provided her with workers' compensation benefits.

> In the leased employee or temporary employee situation, [§ 34-9-11(c)] would seem to remove the necessity of engaging in a "borrowed servant" analysis, since there is no longer any requirement that the substitute employer have the right to terminate the employee's services. The mere presence of a leased employee or temporary employee situation, coupled with one of the parties involved in providing workers' compensation coverage, will extend the exclusive remedy to all entities involved.

H. Michael Bagley, Daniel C. Kniffen, John G. Blackmon, Jr., & Phillip Comer Griffeth, <u>Workers' Compensation</u>, 47 Mercer L. Rev. 405, 414 (1995).[1]

Contrary to Plaintiff's argument, Talent Tree qualifies as a 'temporary help contracting firm' under the law. Talent Tree provided its employee, Lambert, to Briggs and Stratton. Lambert then worked for Briggs & Stratton under its general supervision. Plaintiff acknowledged that she may have received some direction form Defendant's employees, and that Defendant's personnel trained her on how to use the cam saw machine that she was using when she was injured.

Lambert performed her job duties at a Briggs & Stratton factory. While there is some evidence that Lambert received direct supervision from Talent Tree supervisors, she was also subject to the general, and indirect, control of Briggs & Stratton. The Court notes that the statute is drafted in the disjunctive — i.e., a temporary agency is one that lends its employees out to third parties, who exercise general <u>or</u> direct

---

[1] The "borrowed servant" doctrine requires proof of three elements, "(1) the special master had complete control and direction of the servant for the occasion, (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant." <u>Lewis v. Georgia-Pacific Corp.</u>, 230 Ga. App. 201, 202 (1998) (quoting <u>Six Flags Over Ga. v. Hill</u>, 247 Ga. 375, 377 (1981)).

supervision over the temporary employee. Ga. Code Ann. § 34-8-46 (2004).

The Court need not determine whether the extent of Defendant's control exceeded the control exercised by the temporary agency to find that Defendant has tort immunity under Georgia law.[2] As a result, summary judgment is proper in Briggs & Stratton's favor.

## CONCLUSION

For the reasons explained above, Briggs & Stratton's motion for summary judgment is **GRANTED**.

**SO ORDERED**, this ___18th___ day of January, 2006.

*[signature]*
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]   See also Carole E. Powell, Workers' Compensation: Grant Immunity to Businesses Using Services of a Temporary Help Contracting Firm or Employee Leasing Company, 12 Ga. St. U. L. Rev. 271 (1995).
> According to Senator Mark Taylor, one of the bill's sponsors, the law needed clarification to ensure that temporary employees are covered by workers' compensation either by the temporary agency or leasing company or by the entity using the services of such firms. Senator Taylor believed that the previous law was clear, but recent court decisions had changed how the law was interpreted. The recent court decisions allowed for "double dipping" by the employee. More importantly, the recent decisions created the possibility that an employee might not recover from any source. Senator Taylor stated that an employee's remedy should not be in the tort system, if at all possible, because of the need for prompt payment. Thus, the workers' compensation system should be the ultimate recourse for the employee injured on the job.

Id. at 274.